UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ISAIAH ALEXANDER ROSARIO,

  Plaintiff,

  v.

J. MACIAS, et al.,

  Defendants.

Case No. 25-cv-10168-YGR  (PR)

**ORDER REOPENING CASE; AND INSTRUCTIONS TO CLERK**

  This is closed civil action.  Plaintiff is a state prisoner who was seeking to file a *pro se* action under 42 U.S.C. § 1983.  Plaintiff was housed at the Salinas Valley State Prison ("SVSP") at the time he mailed case-initiating documents to this Court.  Dkt. 1 at 1.  The Court notes that plaintiff is still currently housed at SVSP.

  On November 24, 2025, the Clerk of the Court sent plaintiff a notice of his failure to use SVSP's email filing procedures in filing his case-initiating documents—i.e., the complaint and *in forma pauperis* ("IFP") application, in violation of General Order No. 76.[1]  Dkt. 1.  The Clerk's notice advised plaintiff of the procedures to comply with the emailing requirements and that he must do so within fourteen days of the notice to avoid dismissal.  *Id*.  The fourteen-day deadline passed, and plaintiff did not respond to the November 24, 2025 Clerk's notice.

  On January 5, 2026, this case was reassigned to the undersigned judge.  Dkt. 4.

  On January 16, 2026, the Court dismissed this action without prejudice for failure to comply with the Clerk's Notice and for failure to prosecute.  Dkt. 8.  The Court further noted that "[b]ecause this dismissal is without prejudice, plaintiff may ask to reopen the action," and it gave

---

[1] General Order No. 76 established a Pilot Project of the Court and the California Department of Corrections and Rehabilitation ("CDCR"), which requires prisoners filing civil rights actions under § 1983 to submit the case-initiating documents to the Court by email through designated CDCR staff.

United States District Court
Northern District of California

the following instructions:

> To do this, he must file (i) by prison email an exact copy of his complaint in accordance with the instructions in the Notice and a motion with the words MOTION TO REOPEN written on the first page; or (ii) by regular mail a motion for leave to file his complaint by regular mail, in which he shows good cause why he cannot submit his documents electronically.

*Id.* at 1.

The Court notes that around the same time the January 16, 2026 Order was being processed, plaintiff had filed by prison email his complaint and IFP application. Dkts. 5, 6. It seems that plaintiff has now been able to use SVSP's email filing procedures to file the aforementioned documents as required by General Order No. 76.

Accordingly, the Court will *sua sponte* reopen this action and finds good cause for initially relieving him from General Order No. 76's efiling requirement in filing his case-initiating documents at the onset of this action. As mentioned, plaintiff has since been able to use SVSP's email filing procedures in filing his complaint and IFP application. *See* Dkts. 5, 6. Therefore, the Clerk shall REOPEN this action.

The Court will conduct an initial review of the complaint and IFP application in due course.

IT IS SO ORDERED.

Dated:   January 28, 2026

_____
JUDGE YVONNE GONZALEZ ROGERS
United States District Judge

2